James D. DiPasquale (011033)
DIPASQUALE & SUMMERS, LLP
841 Bishop Street, Suite 1610
Honolulu, Hawaii 96813
Telephone: (808) 240-4771
E-mail: james@ds-lawoffices.com

*Attorneys for Plaintiff Daniel Oliver*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANIEL OLIVER<br><br>                    Plaintiff,<br><br>-against-<br><br>SCOTT MERLO, Individually, and WOFR LLC,<br><br>                    Defendants. | Civil No.: CV 20-145 WRP<br><br>**PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION, RESTRAING ORDER, AND THE APPOINTMENT OF A RECEIVER** |

## INTRODUCTION

On May 13, 2022, a jury convened in the above-captioned matter returned a verdict in Plaintiff's favor in this proceeding, awarding Plaintiff the sum of $3,045,088.00. It is anticipated that the Court will soon enter judgment in the foregoing amount, along with pre-judgment interest and costs, and order Defendants to pay such amount to Plaintiff.

1

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff, through counsel, hereby moves this Court for a preliminary injunction and restraining order against Defendants' future transfer of assets, and the appointment of a receiver in accordance with FRCP 66.

## ARGUMENT

### A PRELIMINARY INJUNCTION SHOULD ISSUE UNDER FED. R. CIV. P. 65

Fed. R. Civ. P. 65 authorizes the issuance of a preliminary injunction to prevent irreparable harm to the movant. In construing applications for preliminary injunctive relief, courts analyze four factors:

(1) likelihood of plaintiff's success on the merits;

(2) likelihood of plaintiffs' suffering irreparable harm in the absence of preliminary relief;

(3) the balance of equities favoring the plaintiff;

(4) the injunction's tending to serve the public interest.

Winter v. NRDC, Inc., 555 U.S. 7, 20, 129 S. Ct. 365 (2008); see Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009) (same elements). When analyzed, these four factors weigh in favor of issuing a preliminary injunction in this case.

**A.     Plaintiff Has a Substantial Likelihood of Success on the Merits.**

From May 9, 2022 through May 13, 2022 a jury trial was held in this matter. The jury found for the Plaintiff on each and every one of its causes of action, and it found against the Defendants on each of their three counterclaims.

**B.     Plaintiffs Will Suffer Irreparable Injury if Injunctive Relief is Not Granted.**

A jury in this matter has found the Defendants liable under theories of fraud, conversion, and breach of good faith and fair dealing, each of which essentially requires a finding of deceit or unethical conduct on the part of the Defendants in their dealings with the Plaintiff.

At the conclusion of the jury trial, the Defendants, through counsel, represented to your deponent that they would be filing an appeal of the jury verdict.

There is good cause to believe that pending appeal, Defendants will continue to engage in deceptive practices in an effort to evade and frustrate collection and enforcement of the judgment that will be filed in this matter.

**C.     Interim Injunctive Relief Will Cause No Undue Harm to Defendants.**

No undue harm to others will result from the protection of Plaintiff's rights. The Defendants will likely argue that a preliminary injunction would unfairly harm their financial condition and economic freedom pending appeal, which they believe to be in their favor.  This argument is without merit though because the Defendants are not being asked to waive their right to petition the court should they desire to

effectuate a specific transfer of real property or personal assets. The sole purpose of the injunction and appointment of a receiver is to maintain the status quo to preserve Plaintiff's right to enforcement and collection.

**D.    Injunctive Relief Will Serve the Public Interest.**

Defendants have been adjudged as frauds and an award of punitive damages was issued by the jury in light of the Defendants' conduct. Federal and Hawaii State law convey the message that courts and juries award punitive damages to further the public's interest in punishing and deterring wrongdoers. On this account, punitive damages are a public policy function and allowing the Defendants to evade payment of such damages serves to harm, not benefit, public interest.

## CONCLUSION

Weighing the equities and considering that Plaintiff has already demonstrated a likelihood of ultimate success, the issuance of a temporary restraining order with an asset freeze, appointment of a receiver and other equitable relief is in the public interest and no private interest of the Defendants outweighs the public interest.

For the foregoing reasons, Plaintiff's Motion for a preliminary injunction and restraining order against Defendants' future transfer of assets, and the appointment of a receiver in accordance with FRCP 66, should be granted.

Dated:    Honolulu, HI
              May 18, 2022

**DIPASQUALE & SUMMERS, LLP**

By: */s/ James D. DiPasquale*

James D. DiPasquale, 011033
841 Bishop Street - Suite 1610
Honolulu, Hawaii 96813
Telephone: (808) 240-4771
Email: James@DS-LawOffices.com