Of Counsel:
CLAY CHAPMAN IWAMURA PULICE & NERVELL

ROBERT E. CHAPMAN         # 2679
CARLOS D. PEREZ-MESA, JR.  #5448
SCOTT I. BATTERMAN         #5017
Topa Financial Center, Bishop Street Tower
700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone: (808) 535-8400
Facsimile: (808) 535-8446
E-mail: sib@paclawteam.com

Attorneys for Defendants
SCOTT MERLO and WOFR LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| DANIEL OLIVER,<br><br>              Plaintiff,<br><br>vs.<br><br>SCOTT MERLO, Individually and WOFR LLC,<br><br>              Defendants. | Case No. 1:20-cv-00145 WRP<br><br>DEFENDANTS SCOTT MERLO AND WOFR LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR A PRELIMINARY INJUNCTION, RESTRAINING ORDER, THE APPOINTMENT OF A RECEIVER, AND AN ORDER DIRECTING THE TURNOVER OF ASSETS; CERTIFICATE OF SERVICE  [DKT 134] |
|---|---|

DEFENDANTS SCOTT MERLO AND WOFR LLC'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR A
PRELIMINARY INJUNCTION, RESTRAINING ORDER, THE APPOINTMENT
OF A RECEIVER, AND AN ORDER DIRECTING THE TURNOVER OF ASSETS

I.  THERE IS NO FACTUAL BASIS FOR THE RELIEF REQUESTED

An award of injunctive relief prior to the final determination of a case

is "the exercise of an extremely far-reaching power not to be indulged in except in a

case clearly warranting it." Fox Valley Harvestore Store v. A.O. Smith Harvestore Products, 545 F.2d 1096, 1097 (2d Cir. 1976). "Further it should be emphasized that such preliminary relief can be awarded only upon a clear showing that the movant is entitled to the relief . . . and that in making such a showing the movant bears a heavy burden". New York v. Nuclear Regulatory Comm'n, 550 F.2d 745, 750 (2d Cir. 1987) (emphasis in original) (citations omitted). Thus, a party seeking this extraordinary relief must establish the facts underlying its claim with such certainty as to enable the Court to determine that injunctive relief is clearly justified: "[T]he facts . . . must be **essentially undisputed** or appear **with such substantial clarity that the Court can weigh and determine the probability of success**." Brass v. Hoberman, 295 F. Supp. 358, 361 (S.D.N.Y. 1968) (emphasis added). The showing here is clearly deficient.

Plaintiff has provided no persuasive factual basis for the extraordinary relief being sought here. Plaintiff has merely cited to the sale of a single property, with no evidence that the property was fraudulently conveyed; that the proceeds of the sale were less than the value of the property; that the proceeds have been removed from possible collection; or that there are otherwise insufficient assets to satisfy a judgment.

In addition, there has been no judgment entered, and the amount of the judgment is still subject to question, given the duplicative, multiple recovery which Plaintiff is improperly seeking.

Plaintiff falsely asserts, in an effort to sway or mislead the Court, that he is entitled to all of the sums on an internally inconsistent Special Verdict form, in the amount of "$3,045,088.00,":

| Paragraph | Claim | Amount |
|---|---|---|
| 5 | Breach of Contract - Net Profits | $ 435,088.00 |
| 6 | Breach of Contract - Site Sale | $ 350,000.00 |
| 13 | Unjust Enrichment, Conversion, Bad Faith | $ 295,000.00 |
| 14 | Unjust Enrichment, Conversion, Bad Faith | $ 295,000.00 |
| 16 | Fraud | $ 590,000.00 |
| 18 | Punitive Damages | $ 1,080,000.00 |
|  | Plaintiff's Total | $ 3,045,088.00 |

The claims in Paragraphs 13 and 14 were lumped together by the Court, as the equitable claims. Equitable remedies cannot be awarded where there are valid contractual claims, as set forth in DEFENDANTS SCOTT MERLO AND WOFR LLC'S MOTION TO STRIKE SPECIAL VERDICT EQUITABLE AWARDS.

The same, in fact, holds true for the fraud claims. If there was fraud, then the contract is void, and there is no basis for a contractual award. If there is a contract, and contractually awarded damages, then there is no basis for claim of fraud, since Plaintiff will have been fully compensated for the contract he presumed he was entering into.

At a minimum, Plaintiff should be required to elect his remedies, as between contract and fraud, and the two claims are inherently inconsistent. Cf. Julian-Ocampo v. Air Ambulance Network, Inc., Civil No. 00-1262-KI, 2001 U.S. Dist. LEXIS 22173, at *11 (D. Or. Dec. 13, 2001) (emphasis added): "Plaintiffs state that they are not rescinding the contract. Rather, they sought to affirm the contract and recover damages. They do acknowledge, however, that **the economic damages awarded for the fraud claim, the breach of contract claim, and the actual damages for the Washington CPA claim represent multiple recoveries**".

Moreover, given the stipulated agreed upon amount of Defendants' assets, and the lack of a liquidated judgment, there is no basis for the blanket freeze on all of Defendants' assets being sought. The request is clearly overreaching, given the lack of factual support.

II.   THERE IS NO AUTHORITY CITED FOR THE RELIEF REQUESTED

Plaintiff has cited no case where a court has issued a preliminary injunction or ordered the appointment of a receiver, in circumstances such as this, where no judgment has yet been entered; the amount of the judgment is still under consideration, and there is no evidence of an effort at evasion. That lack of authority is telling. See, e.g., Rovio Entm't Ltd. v. Royal Plush Toys, Inc., No. C 12-5543 SBA, 2014 U.S. Dist. LEXIS 156676 (N.D. Cal. Nov. 5, 2014): "Plaintiff has not cited any authority demonstrating that this Court has the power to authorize a post-

judgment seizure of counterfeit goods or to issue a post-judgment order freezing Defendants' assets."

The law, in fact, appears entirely to the contrary. The Court is also directed to WowWee Grp. Ltd v. Meirly, No. 18-CV-706 (AJN), 2019 U.S. Dist. LEXIS 51905, at *28-30 (S.D.N.Y. Mar. 27, 2019) (citations omitted), where the court explained that an asset freeze is a remedy for equitable claims, and that if a remedy is "in law," then the party should turn to remedies applicable to enforcement of judgments – not to preliminary injunction:

> This Court has previously observed that "courts in this district have focused on freezing assets to preserve the equitable remedies of a return of lost profits and an accounting, not statutory damages." . . . To conclude otherwise might place those courts in tension with the Supreme Court's holding in Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc. that district courts have "no authority to issue a preliminary injunction preventing [a party] from disposing of [its] assets pending adjudication of [a] contract claim for money damages." 527 U.S. 308, 333, 119 S. Ct. 1961, 144 L. Ed. 2d 319 (1999). . .
>
> Because Plaintiffs have elected statutory damages, however, there is no basis to continue to maintain an asset freeze designed to facilitate an equitable recovery. . . [T]he ordinary recourse upon securing a money judgment is to look for the remedies available under Federal Rule of Civil Procedure 69 and state law; it was not appropriate to "adopt a reading of a post-judgment asset freeze remedy under Rule 65 that would seemingly subsume the remedies provided by Rule 69 and state law." . . .

> . . . To the extent Plaintiffs are concerned about the risk that Defaulting Defendants will dispose of, transfer, or hide their assets, it should turn to the remedies ordinarily applicable to enforcement of judgments at law under Rule 69 and N. Y. C.P.L.R. § 5222.

See also <u>Allstar Mktg. Grp., LLC v. Afacai</u>, 2021 U.S. Dist. LEXIS 116656, at *16 (S.D.N.Y. June 22, 2021):

> . . . Rule 65 governs injunctions and restraining orders. But courts regularly have rejected the notion that Rule 65 can be used to circumvent the more specific provisions of Rule 69 that apply to execution of a judgment. The Court is therefore skeptical that Rule 65 or 15 U.S.C. § 1116(a) can be used to support an injunction that blatantly circumvents the requirements of Rule 69. . . . It is not appropriate to 'adopt a reading of a post-judgment asset freeze remedy under Rule 65 that would seemingly subsume the remedies provided by Rule 69 and state law. [Citations omitted.]

The same holds true with respect to the request for the appointment of a receiver: "Since very early days, courts of equity have appointed receivers at the request of judgment creditors when execution **has been returned unsatisfied**. . . . That right is based primarily on the ground that equity will come to the aid of any one who has exhausted his remedies at law" <u>Pittsburgh Equitable Meter Co. v. Paul C. Loeber & Co.</u>, 160 F.2d 721, 728 (7th Cir. 1947).  Accord <u>Mintzer v. Arthur L. Wright & Co.</u>, 263 F.2d 823, 826 (3d Cir. 1959): "where there is no fraud or imminent danger of the property being lost, injured, diminished in value, or

squandered and where legal remedies do not appear to be inadequate the appointment of a receiver should not be granted."

Accordingly, the motion for an injunction and the appointment of a receiver should be denied as unsupported and premature

DATED: Honolulu, Hawaii, June 15, 2022.

/s/ Scott I Batterman
ROBERT E. CHAPMAN
CARLOS D. PEREZ-MESA, JR.
SCOTT I. BATTERMAN
Attorneys for Defendants
SCOTT MERLO and WOFR LLC